IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY J. NIEMIEC and MICHELLE NIEMIEC, | ) ) ) | CASE NO. 8:02CV512 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER ON COSTS |
| UNION PACIFIC RAILROAD and BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiffs' Motion for Review of Action of Taxation Clerk (Filing No. 160). Following a trial, the jury found in favor of Jeffrey J. Niemiec on his claim of negligence against Defendant Burlington Northern Santa Fe Railway Company in the amount of $200,000, and in favor of Michelle Niemiec on her loss of consortium claim in the amount of $1,000. The Plaintiffs filed a bill of costs initially seeking more than $20,000, but the Clerk taxed as costs only $170, because the Plaintiffs had failed to support the bill of costs with an affidavit and other documentation. In their motion for review of the Clerk's decision, Plaintiffs' acknowledge their failure to support their bill of costs with an affidavit and other documentation, and they explain that the failure to do so was not for lack of such documentation, but rather, was because of mistake and inadvertence. The Plaintiffs have filed an amended bill of costs seeking $13,800.

The Clerk was following the Court's local rules in excluding the unsupported request for costs. The Defendant Burlington Northern Sante Fe Railway Company ("BNSF") has filed a brief in opposition to the motion for review, arguing that the right to review by the Court does not grant the right to supplement the evidentiary record. Given counsel's explanation of the mistake, I conclude that permitting supplementation of the record is in the interests of justice. In order to avoid an unreasonably punitive effect on Plaintiffs,

however, I will grant the Plaintiffs' Motion for Review, allow the Plaintiffs to supplement the amended bill of costs with a supporting affidavit and other documentation, and reconsider the Plaintiffs' amended bill of costs.

The BNSF argues that even if the Court considers the documentation, the Court should not award all the costs included in the bill of costs, and BNSF refers the Court to its brief filed in opposition to he original bill of costs (Filing No. 149). I begin with the acknowledgment that there is no statutory right to attorney fees and non-taxable expenses in this case, and that the Court is limited in what it may tax as costs by 28 U.S.C. §1920, local rules, and case law. I agree with BNSF's argument that expert witness fees generally are not taxable costs unless the expert was court-appointed, but the Eighth Circuit Court of Appeals recognizes an exception to the general rule when an expert's testimony is crucial to the resolution of the issues. The Court has stated:

> We have held that expert witness fees are recoverable under Fed.R.Civ.P. 54(d) when the expert's testimony was crucial to the resolution of issues in the case. *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir.1985). That approach is equally applicable to expert witness fees under section 1920. The necessity or usefulness of an expert witness is a matter peculiarly for the District Court in light of its familiarity with the case, *Coleman v. City of Omaha,* 714 F.2d 804, 809 (8th Cir. 1983), and appellate review of a trial court's decision in that regard is governed by the abuse of discretion standard. *Hiegel v. Hill*, 771 F.2d 358, 360 (8th Cir.1985), cert. denied, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986).

*Wilmington v. J.I. Case Co.,* 793 F.2d 909, 924 (8th Cir. 1986). Because I conclude that the medical expert testimony of Dr. Phillips was crucial to the jury's determination of damages in this case, I will award the $4,600 claimed as an expense from the Nebraska Spine Center. However, I decline to award the $4,590 to Jeffrey Opp on that basis. I will award the statutory witness fee of $40 for Mr. Opp's appearance. Similarly, I find no basis for awarding a witness fee greater than $40 for B.S. McCoy's testimony.

In addition, only those depositions of witnesses who testified at the trial will be reimbursed. Because the following persons were not called as trial witnesses by either party, and because no additional showing was made that their depositions were needed for trial, the court reporting expenses for the following depositions will be excluded: William Thompson ($127.25), David Crawford ($124.00), Shad Showers ($229.43), Jack Greene ($247.50), and Randall Morris ($163.75).

The amount sought for exemplification, $395.95, is reasonable and shall be awarded.

IT IS ORDERED:

1. Plaintiffs' Motion for Review of Action of Taxation Clerk (Filing No. 160) is granted;

2. The Defendant Burlington Northern Santa Fe Railway Company shall pay Plaintiffs costs in the total amount of $7,563.54, representing:

    a. Expert witness fee of Dr. Eric Phillips of the Nebraska Spine Center in the amount of $4,600;

    b. Witnesses fees pursuant to 28 U.S.C. 1821(b) of $40 each for Jeffrey Opp and B. S. McCoy;

    c. Court reporter fees and videographer fees in the amount of $2,487.59, for the following depositions:

       Michelle Niemiec, Dan Lehan, Steve Ryba, John Villella, Jeffrey Opp, Karen Stricklett, Brian Heikkila, and Eric Phillips, M.D., and

    d. Exemplification costs in the amount of $395.95.

Dated this 13th day of June, 2005.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge